IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:15cr22-MHT |
| | ) | (WO) |
| CARLOS WASHINGTON | ) | |

OPINION AND ORDER

Defendant Carlos Washington is before the court on an amended petition to revoke his supervised release. The petition alleges 10 violations, two of which allegedly occurred this year. At an on-the-record hearing on December 11, 2019, defense counsel represented to this court that Washington has been diagnosed with schizophrenia and bipolar disorder in the past. The court is concerned that Washington's mental-health challenges may have contributed to his alleged violations, his decision to plead guilty to one of the alleged offenses in state court, or both.

Based on the representations made in open court on December 11, and for the reasons discussed below, the court will order Washington to be committed to the

custody of the Bureau of Prisons (BOP) for a mental-health assessment.

A.

The court will order, first, an evaluation of Washington's mental state at the time of his alleged commission of each of the 10 violations. This evaluation should be as to a possible insanity defense and to possible mitigating circumstances.

With respect to a possible insanity defense, a court typically orders a psychological examination to determine insanity at the time of the offense only after the defendant has filed a notice, pursuant to Federal Rule of Criminal Procedure 12.2, that he intends to rely on the insanity defense, and after the government has moved for such an examination under 18 U.S.C. § 4242(a). Here, Washington has not filed such a notice, and the government has not moved for an evaluation.

But even apart from Rule 12.2, this court's inherent powers over the administration of criminal justice also endow it with the authority to order a psychological examination under appropriate circumstances. *See, e.g., United States v. Riley*, No. 2:18CR283-MHT, 2018 WL 5660092, at *2 (M.D. Ala. Oct. 31, 2018) (Thompson, J.); *see also United States v. Pfeifer*, 2014 WL 6673844, at *3 (M.D. Ala. Nov. 24, 2014) (Thompson, J.) (citing *United States v. McSherry*, 226 F.3d 153, 155-56 (2d Cir. 2000)). Those circumstances exist here. Testimony has raised serious questions as to whether, and to what extent, Washington's schizophrenia or other mental-health issues contributed to his alleged violations. The court will thus order that the BOP examiners determine whether Washington was insane (i.e., unable to appreciate the nature and quality or the wrongfulness of his acts as a result of a severe mental disease or defect) at the time of the charged violations.

Even if Washington was not insane at the time of the violations, his mental-health status may prove a mitigating factor at sentencing. As this court has noted, "where there is a reasonable basis to believe that a defendant's mental disease or defect ... contributed to the conduct alleged, the court should order a mental-health evaluation." *United States v. Brown*, No. 2:15CR22-MHT, 2019 WL 4784816, at *2 (M.D. Ala. Sept. 30, 2019) (Thompson, J.). Here, the court has reason to believe that Washington's mental-health issues played a part in his charged conduct, and therefore may serve as a mitigating factor in a potential sentencing. Thus, pursuant to 18 U.S.C. § 3552(b), the court will order an inquiry into Washington's general mental state at the time of his alleged violations.

**B.**

**Again pursuant to § 3552(b), the court will order an assessment of Washington's likely mental state at the time of his state-court guilty plea to Negotiating Worthless Instruments in Chilton County, Alabama. Because the plea could serve as evidence of Washington's underlying conduct, the court could use this assessment to determine what weight to give the plea at sentencing.**

**C.**

**Finally, beyond its possible relevance to determining an appropriate punishment, Washington's mental health should be assessed, pursuant to § 3552(b), to identify what treatment, if any, Washington should receive, during supervised release, to prevent further criminal activity and support mental stability. The BOP should thus submit any recommendations that might further these goals.**

***

Accordingly, pursuant to 18 U.S.C. § 3552(b) and the court's inherent powers, it is ORDERED that the United States Marshal for this district shall immediately remove defendant Carlos Washington to the custody of the warden of an appropriate institution as may be designated by the Attorney General, where he is to be committed for the purpose of being observed, examined, and treated by one or more qualified psychiatrists or psychologists at the institution. The examination shall be conducted in the suitable facility closest to the court, unless impracticable. The statutory time period for the examination shall commence on the day defendant Washington arrives at the designated institution. The evaluation at the institution should identify any mental disorders or cognitive deficiencies and should include, at minimum, an assessment of three issues:

(1) Defendant Washington's mental state at the time of his alleged commission of each of the 10 violations described in his amended revocation petition (doc. no. 237), including, but not limited to, with regard to whether his mental-health status rendered him insane or otherwise impacted his behavior, a possible mitigating factor at sentencing;

(2) Defendant Washington's mental state on October 8, 2019, when he pled guilty to Negotiating Worthless Instruments in Chilton County, Alabama; and

(3) If defendant Washington is convicted, what treatments (including treatment modalities, treatment settings, and supportive or other services) are appropriate for his mental-health issues and what conditions of supervised release are appropriate to address his mental-health issues and to help prevent future violations.

DONE, this the 12th day of December, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**