IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )    CRIMINAL ACTION NO.
    v.                        )        2:15cr22-MHT
                              )
CARLOS WASHINGTON             )
```

OPINION AND ORDER

Defendant Carlos Washington is before the court on a revocation petition that alleges 10 violations. Washington and the government have reached a plea agreement.

In earlier orders regarding Washington's mental-health issue, the court identified that issue as whether Washington had the mental capacity to proceed. *See, e.g.*, Order of June 9, 2020 (doc. no. 277) (setting "competency hearing"). The court was in error. Washington's competency to proceed was never at issue. Nothing in the record suggested that to be an issue, and no one raised it.

Instead, at an on-the-record hearing on December 11, 2019, defense counsel represented to this court

that Washington had been diagnosed with schizophrenia and bipolar disorder in the past.  The court ordered an evaluation by the Bureau of Prisons on the following issues related to the Sentencing Guidelines calculations and asserted defenses:

(1) Washington's mental state at the time of his alleged commission of each violation, including with regard to whether his schizophrenia (or another mental health issue) impacted his behavior;

(2) Washington's mental state on October 8, 2019, when he pled guilty to Negotiating Worthless Instruments in Chilton County, Alabama; and

(3) If Washington is convicted, what conditions of supervised release are appropriate to support Washington and prevent future violations.

Pursuant to a court order, Washington was transferred to a Federal Bureau of Prisons Detention Center in Miami, Florida.  Months later, Washington was evaluated by Dr. Carmen Rodriguez, a forensic

psychologist.

In her report, completed on April 20, 2020, Dr. Rodriguez concluded, among other things, that Washington "was criminally responsible for his behavior at the time of the alleged violations," that he "was sane at the time of the alleged offenses," and that he "was not suffering from significantly reduced mental capacity ... that would have resulted in his inability to understand the wrongfulness of his acts, exercise the power of reasoning, or control his behavior." Psychological Evaluation (doc. no. 268) at 1. The report also noted that "there was no evidence of a severe mental illness that would substantially impair Mr. Washington's ability to make a reasoned choice and to understand the nature of the consequences of his plea [in state court]." *Id.* at 16. Defense counsel offered no objections to the report at today's on-the-record hearing.

Based on the above-described psychological evaluation and the lack of objections to it, the court concludes that the report of the Bureau of Prisons is accepted and that the mental-health issues discussed in the report are not an impediment to the plea agreement.

***

Accordingly, it is ORDERED that the forensic report of the Bureau of Prisons (doc. no. 268) is accepted by the court and that the mental issues discussed in the report are not an impediment to the plea agreement.

DONE, this the 13th day of July, 2020.

                       /s/ Myron H. Thompson
                       UNITED STATES DISTRICT JUDGE